tered mail machine stamped the envelope on September 16.

Appellant may be able to prove that the totality of the circumstances indicate that, in fact, the envelope containing the Application was timely mailed and thus filed in compliance with the requirements as set forth in section 287.480. At the least, Appellant should have the opportunity to prove that the envelope was mailed within the statutory time period because section 287.480 is remedial in nature and so holding will avoid the dismissal of the Application on overly technical grounds.

Accordingly, this case is reversed and remanded to the Labor and Industrial Relations Commission for a hearing to determine the correct date on which the Application was mailed. If, upon remand, the Commission finds that the Application was in fact, mailed within the statutory period, it is further directed to hear the Application on the merits.

LAWRENCE E. MOONEY, C.J., and SHERRI B. SULLIVAN, J., concur.

Thomas B. Burkemper, Troy, MO, for appellants.

Joel D. Brett, St. Charles, MO, for respondent.

Before WILLIAM H. CRANDALL, P.J., SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J.

### ORDER

PER CURIAM.

Friedens United Church of Christ, Moscow Mills, appeals from an order of the probate division of the Circuit Court of Lincoln County that authorizes the sale of real property. An opinion would have no precedential value.

The judgment is affirmed. Rule 84.16(b).

■

**In the ESTATE OF Hilda SCHULZE, Deceased.**

**No. ED 81948.**

Missouri Court of Appeals, Eastern District, Division Four.

June 10, 2003.

**In re the Marriage of Cheung C. WONG, Appellant,**

v.

**James W. WONG, Respondent.**

**No. ED 81320.**

Missouri Court of Appeals, Eastern District, Division Five.

June 10, 2003.

Edgar E. Lim, St. Louis, MO, for appellant.

James W. Wong, Houston, pro se.